Staples, J.
That the devise contained in the will of Solomon G. Barrick, for the establishment of a free school, is void at common law, must be taken to be *130 well settled in Virginia, upon the authority of numerous decisions. Gallego’s Ex’or v. Attorney-General, 3 Leigh 450; Brooke & als. v. Shacklett, 13 Gratt. 301; Seaburn’s Ex’or v. Seaburn & als., 15 Gratt. 423.
If the said devise can have any effect, it is only by force of the act passed 2d April, 1839, entitled an act concerning devises and bequests made to schools, academies and colleges. Sess. Acts, pp. 11 and 13, ch. 12. That act was in force at the death of the testator, and the question is, Does it legalize the devise under consideration ?
The first section of the act provides that all devises and bequests thereafter made for the establishment or endowment of any unincorporated school, academy or college, for the education of free white persons, shall be valid in law and equity, except as hereinafter provided; that the trustees appointed by the testator shall have the same right to maintain suits in law and equity, that they would have had if the beneficiary had been a certain natural person; and if the trustees so appointed should decline to act, or if none were appointed, the Circuit courts should appoint trustees to carry the devise into execution.
The act further provides, that if any will, containing devises or bequests of the character mentioned, shall be admitted to probate in any court other than a Circuit court, the clerk of such court shall certify the fact of such probate, and an attested copy of such will, to the Circuit court having jurisdiction over the county; and the Circuit court, at the next term after such certificate is received, is required to appoint a commissioner to ascertain the character and value of the property devised.
The seventh section of the act provides -that, at the next term ensuing such probate, or the reception of such copy, the Circuit court shall report the case to the Legislature, together with the report of the commis *131 sioner, and any other matter it may deem proper; and if the Legislature shall refuse, or within two successive sessions after the receipt of said certificate, shall fail to incorporate said school, academy or college, the said devise or bequest shall be void.
It has been argued, that the true intent and meaning of this statute is to refer all questions, touching the var lidity of charitable bequests and devises, to' legislative action; and the Legislature having failed to incorporate the school within the time prescribed by the act, this provision in the will of Solomon G-. Barrick cannot now take effect.
I think the object of the Legislature, in passing the act, was to change the rule of law laid down in the cases before cited, controlling bequests and devises for the establishment of schools and colleges, leaving it in full effect and operation, so far as it applied to bequests and devises for religious purposes. This adherence to the rule in the latter case, originated in legislative and popular jealousy, and opposition to the incorporation of religious societies, and a just apprehension that the accumulation of property by such institutions would be incompatible with sound republican polity.
It was not intended, however, by this statute, to place the whole- subject of devises and bequests, for literary purposes, beyond the control of the Legislature. The effect of the act was simply to take from the heirs the right to object to the validity of such devises and bequests. It made them valid, so far as the heirs were concerned, but reserved to the State the right to determine, through its Legislature, acting upon the facts of each case, as reported by the Courts, whether the devise should be carried into effect or not.
The reasons for this legislation are apparent. Cases might, and probably would, occur, in which the execution of devises and bequests, of the character mentioned, would be inexpedient and unwise, upon con *132 siderations of a public nature, or impracticable by reason of a change of circumstances or events not foreseen by those who made them. The Legislature, therefore, reserved the right to declare them void, when a proper case should be presented, and a mode was indicated by which, in a reasonable time, the question might be brought to the attention of that body, and its action invoked by persons interested.
It was the duty of the courts to report such cases to the Legislature; but the validity of the devise or bequest was not dependent upon a compliance by the courts with the requirements of the statute. Their validity was clearly and unequivocally established by the provisions of the 1st section, before cited, subject only to the exception contained in the seventh section. That exception applies, and only applies, to those cases in which the Circuit court has certified a copy of the-will to the Legislature, and the latter has refused or failed to- incorporate the school within the period prescribed. This construction is confirmed by the language of the 2d section of ch. 80 of the Code of' 1860, which declares that any gift, grant or devise,, made since April 1839, for literary purposes, shall be valid, except such devises or bequests as have failed or become void by virtue of the 7th section of that act.
According to the legislative view, there was a class-of devises and bequests invalid under the act of 1839; but they were those only provided for in the 7th section; cases which had been reported by the courts to the Legislature, and had failed to take effect by reason of the refusal, or failure of the Legislature to pass an act of. incorporation.
But .if, as is contended, it is the true construction of the act .of 1839, that those devises and bequests for literary purposes, only are valid which have been accepted, by the Legislature, I think such acceptance is found in the provisions of the 2d section, chapter 80,. *133 of the Code 1860, already cited. By that section, the Legislature relinquished the right, previously reserved to the State, of determining whether it would- or would not accept the devises and bequests for literary purposes made since 1839; and declared its pleasure to be, that all such devises and bequests should be valid, except those only which had become void by the provisions of the 7th section of that act. This legislation operated as a general act of acceptance in all cases, and instead of a special acceptance in each particular case. The heirs could not complain of such legislation, as it took nothing from them; their rights having been already divested under the provisions of the 1st section of the act of 1839.
It appears, however, that the Legislature, to place its acceptance of the devise, in this case, beyond all dispute, on the 20th December, 1866, passed an act incorporating “the Barrick Institute, iii the county of Washington.” The provisions of the act of 1839, already cited, were intended to bring the subject as speedily as possible to the attention of the Legislature, and to furnish that body with information necessary to enable it to judge of the propriety of accepting the grant, and to provide suitable means to give it effect. The Legislature having acquired such information otherwise, and passed an act of incorporation accordingly, everything has been done that is necessary to give effect to the devise in question. Bor these reasons, I am of opinion there is no error in the decree of the Circuit court of Washington in holding the devise in the will of Solomon G-. Barrick, for the establishment of a school, to be good and valid in law.
Another error assigned in the petition is, that the account reported by the commissioner, in the mode of calculating interest therein adopted, violates the rule laid down in this State for the settlement of fiduciary accounts.
*134 It is unnecessary to decide whether the rule laid down by this court in Harvey’s adm’or v. Steptoe’s adm’or & als, 17 Gratt. 290, for the settlement of trust accounts under deeds for the payment of debts, applies or has been violated in this case. It is sufficient to say that the special statement reported by the commissioner, and adopted by the court as the basis of its decree, was made at the instance of the appellants.
It appears, however, that the commissioner has charged the estate of Leonidas Love with $1,534 60 interest, upon abalance of $3,701 44, reported by Commissioner Lynch. This balance is, in part, composed of $328 16 interest, estimated in a previous settlement, thus charging the estate with compound interest.
And, again, the commissioner credits the estate with $739 76 for disbursements, and deducts this sum from the principal and interest aggregated; and the decree of the court is for this balance, with interest thereon from the 1st day of December 1866; and in this way the estate is again charged with compound interest.
It does not appear that said estate has been credited with the ten per cent, commission, to which the treasurer is entitled under the will of Solomon G. Barrick, upon his disbursements of the school fund. *
In these respects the decree of the court below is clearly erroneous, and should be reversed with costs, and an account taken, in conformity with the decree of this court.
It seems that the testator, at the time of his death, owned a tract of land in the State of Indiana, embraced in the devise now under consideration. What disposition, if any, has been made of this tract does not distinctly appear.
Should the plaintiffs in the court below desire to proceed against the real estate, it is proper they should be required-to amend their .bill and make the heirs of *135 Solomon G. Barrick parties to the suit, before any decree is rendered affecting said real estate.
The Legislature, since the institution of this suit, having passed an act incorporating the Barrick Institute, in the county of Washington, the said corporation should have been made a party thereto by its corporate name, and the decree for any balance due on account of the school fund should have been rendered in its favor.
The other judges concurred in the opinion of Staples, J.
The decree was as follows:
TJpon an appeal from a decree of the District Court of Appeals for the seventh district, rendered on the 24th day of July, 1868, reversing a decree of the Circuit court of Washington county, rendered on the 13th of November, 1867, in a suit in which the appellants were plaintiffs and the appellees and others were defendants.
This day came the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the argument of counsel, is of opinion, for reasons stated in writing and filed with the record, that the provision contained in the will of Solomon G. Barrick, dee’d, for the establishment of a school, is valid; that the appellants had a right to institnte this suit; and that the Circuit court did not err in overruling the demurrer to the bill.
The court is further of opinion, that the estate of the said Leonidas Love is properly chargeable with interest on the fund which was in his hands as executor of said Solomon G. Barrick, or as trustee of the school fund created by the said will, and that the Circuit court did not err in overruling the appellees’ first exception to commissioner Taliaferro’s report.
But the court is also of opinion, that the estate of the said Leonidas Love is not chargeable with com *136 pound interest on the said fund, or any part thereof, and is entitled to a credit of ten per cent, commission on the money paid out by him as treasurer of the said school fund, according to the will of the testator, and that the Circuit court erred in overruling the appellees’ second and third exceptions to the said report, so far as said exceptions are in accordance with the opinion herein expressed.
The court is further of opinion, that although the appellants properly brought this suit in their own names, yet, as since its institution the said school has been incorporated, by an act of the general assembly passed December 20th, 1866, entitled “ an act incorporating the Barrick Institute of the county of Washington,” the said corporation, by its corporate name, should have been made a party to the said suit, and the decree for the balance due on account of said fund should have been in its favor.
The court delines to express any opinion upon the construction of the devise to Catharine Buchanan, as that question is not before this court upon this appeal.
The court is further of opinion, that if the plaintiffs desire to proceed against the real estate of Solomon G. Barrick, embraced in the said devise, if any such there be, they should be required to amend their bill, and make the heirs of said Barrick parties to this suit.
It is therefore decreed and ordered, that the said decree of the said District court be reversed and annulled, and that the appellees, out of the estate of their testator, Leonidas Love, do pay to the appellants their costs by them expended in the prosecution of their appeal aforesaid here. And this court, proceeding to pronounce such decree as the said District court ought to have pronounced, it is further decreed and ordered, that so much of said decree of the said Circuit court as is inconsistent with the foregoing opinion, be reversed and annulled, and that the appellants, John *137 Kelly, David Jones, James Buchanan and Matthew Houston, do pay to the appellees their costs by them expended in the prosecution of their appeal aforesaid in the said Circuit court, the amount of which said costs is to be a charge against the school fund in the hands of the said appellants.
And it is further ordered and decreed, that this cause be remanded to the said Circuit court for further proceedings to be had therein, in conformity with the foregoing opinion.
Which is ordered to be certified to the said Circuit -court of Washington county.
Decree or District and Circuit court reversed.